FILED
2026 Aug-18 PM 06:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Alaska Air Group, Inc., *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:21-cv-01209-AMM |
| JetBlue Airways Corporation, *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:22-cv-00558-AMM |
| Bed Bath & Beyond Inc., *et al.*,<br>Plaintiffs,<br>v.<br>Anthem, Inc., *et al.*,<br>Defendants. | No. 2:22-cv-01256-AMM<br><br>**ORAL ARGUMENT REQUESTED** |

# PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSE

*Filed Under Seal – Contains Information Designated Confidential Pursuant to Protective Order*

# TABLE OF CONTENTS

I. Defendants Were on Notice of ASO Claims Beginning with Cerven in 2012. ..1

II. Extrinsic Evidence Explains Why *Cerven* Put Defendants on Notice................3

III. Inclusion in an Injunctive Relief Class Tolls Damages Claims. .........................6

IV. No Court Has Previously Decided *American Pipe* Tolling on this Factual Record. ..........................................................................................................9

A. Eleventh Circuit Approval of the Subscriber Class Settlement.......................9

B. Judge Proctor's Orders ......................................................................11

C. *Ford* and *VHS* ....................................................................................13

V. Defendants' Other Arguments Lack Merit. ...................................................13

# TABLE OF AUTHORITIES

## Cases

*Addington v. U.S. Airline Pilots Ass'n*,
2009 WL 675469 (D. Ariz. Mar. 10, 2009) ....................8

*Allen v. Tyson Foods*,
121 F.3d 642 (11th Cir. 1997) ....................4

*American Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) ....................5, 8

*Behrend v. Comcast Corp.*,
655 F.3d 182 (3d Cir. 2011) ....................3

*Brever v. Federated Equity Mgmt. Co. of Pa.*,
233 F.R.D. 429 (W.D. Pa. 2005) ....................10

*CalPERS v. ANZ Sec., Inc.*,
582 U.S. 497 (2017) ....................10, 12

*Chancellor v. Coca-Cola Enters.*,
2008 WL 3307131 (S.D. Ohio Aug. 7, 2008) ....................6, 7

*Crown Cork & Seal Co. Inc., v. Parker*,
462 U.S. 345 (1983) ....................5, 7

*DeFries v. Union Pac. R.R. Co.*,
104 F.4th 1091 (9th Cir. 2024) ....................4, 5, 6

*DeGeer v. Union Pac. R.R. Co.*,
113 F.4th 1035 (8th Cir. 2024) ....................4, 5

*Ford Motor Co. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*,
2024 WL 1396264 (E.D. Mich. Mar. 30, 2024) ....................13

*Friedland v. City of New York*,
2025 WL 2733359 (S.D.N.Y. Sept. 25, 2025) ....................5

*Go Med. Indus. Pty, Ltd. v. Inmed Corp.*,
300 F. Supp. 2d 1297 (N.D. Ga. 2003) ....................3

*In re Blue Cross Blue Shield Antitrust Litig. (MDL 2406)*,
85 F.4th 1070 (11th Cir. 2023)....................................................................9, 10
*In re Linerboard Antitrust Litig.*,
223 F.R.D. 335 (E.D. Pa. 2004)..........................................................................8
*Macuba v. Deboer*,
193 F.3d 1316 (11th Cir. 1999)...........................................................................3
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986).............................................................................................4
*Miller v. Burton*,
2025 WL 2608655 (N.D. Ala. Sept. 9, 2025).......................................................1
*Ponder v. United States*,
2014 WL 12569438 (N.D. Ala. Sept. 5, 2014).....................................................1
*Raie v. Cheminova, Inc.*,
336 F.3d 1278 (11th Cir. 2003)...........................................................................8
*S. Coal Corp. v. Drummond Coal Sales, Inc.*,
28 F.4th 1334 (11th Cir. 2022).............................................................................4
*Sapuppo v. Allstate Floridian Ins. Co.*,
739 F.3d 678 (11th Cir. 2014)............................................................................15
*Slater v. United States Steel Corp.*,
871 F.3d 1174 (11th Cir. 2017)...........................................................................6
*Swierkowski v. Consolidated Rail Corp.*,
168 F. Supp. 2d 389 (E.D. Pa. 2001)...............................................................7, 8
*Todorov v. DCH Healthcare Auth.*,
921 F.2d 1438 (11th Cir. 1991)...........................................................................8
*Weisfeld v. Sun Chem. Corp.*,
210 F.R.D. 136 (D.N.J. 2002), aff'd, 84 F. App'x 257 (3d Cir. 2004).................3
*Zaragoza v. Union Pac. R.R. Co.*,
112 F.4th 313 (5th Cir. 2024)........................................................................ 5, 6

**Statutes**

Sherman Act 15 U.S.C. §18 ........................................................................8, 9

Clayton Act 15 U.S.C. § 15, 26....................................................................8, 9

**Rules**

Fed. R. Civ. P. 15(c) .............................................................................. 9, 10

Fed. R. Evid. 801 .......................................................................................2

# ABBREVIATIONS

| Abbreviation | Reference |
|---|---|
| ASO | Administrative Services Only |
| ECF | All ECF references are to the *Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-AMM (N.D. Ala. 2021) docket |
| PSOF | Plaintiffs' Initial Statement of Undisputed Facts |
| P. Op. Br. | Plaintiffs' Opening Brief |
| D. Resp. | Defendants' Response Brief |

There is no dispute that Defendants had notice of the ASO claims prior to November 2, 2020. Defendants repeatedly represented exactly that to this Court and testified to being on notice "all along" as Defendants litigated, negotiated, and settled ASO claims prior to 2020. Under *American Pipe*, Plaintiffs are entitled to summary judgment on Defendants' statute of limitations affirmative defense.

## I. Defendants Were on Notice of ASO Claims Beginning with *Cerven* in 2012.

*American Pipe* tolled Plaintiffs' claims as soon as Defendants were put on notice of ASO claims, numbers, and generic identities. P. Op. Br. at 1, 15, 19, 24. Defendants do not dispute[1] that the February 7, 2012 filing of *Cerven* did just that:

- In Defendants' own words, *Cerven* alleged "the largest class actions ever pursued," encompassing "roughly 100 million … proposed members of Subscriber Plaintiffs' injunctive class," PSOF ¶ 7, that included "every Blue subscriber, big and small—including ASO members," *id.*, and "the biggest national accounts." PSOF ¶ 8.

- Defendants' 2013 motion to dismiss stated that the subscriber class action "encompasses both large and small groups that self-insure." PSOF ¶ 15-16.

- Defendants and the Class both expressly stated that ASO Plaintiffs here, such as Dollar General, were "putative subscriber class member[s]." PSOF ¶ 26.

- Defendants told their liability carriers that ASOs were class members. PSOF ¶ 27. When asked under oath in coverage litigation [redacted] Defendant's 30(b)(6) witness testified: "[redacted]

[1] Defendants superficially "dispute" certain facts, but fail to make "a specific reference to those portions of the *evidentiary* record upon which the dispute is based." *Miller v. Burton*, 2025 WL 2608655, at *2 (N.D. Ala. Sept. 9, 2025) (emphasis added). This is contrary to this Court's standing order on summary judgment (at p. 19) and constitutes an admission as a matter of law. *Ponder v. United States*, 2014 WL 12569438, at *7 n.6 (N.D. Ala. Sept. 5, 2014) ("not sufficient to simply deny an alleged statement of fact without citing contrary evidence").

[redacted] PSOF ¶ 28 [redacted].

- "Defendants subpoenaed (and the Court allowed) discovery from the ASO subscribers" on the basis that they were absent class members. PSOF ¶19. Defendants stated that the subpoenaed ASO subscribers "will automatically be included in the class if it is ever certified." PSOF ¶ 21.

Defendants' *only* response to these undisputed facts is to state that David Boies made a couple unverified and inadmissible hearsay statements in October 2021 that facially conflict with (i) Defendants' acknowledgements that ASOs were included in *Cerven* "all along" and (ii) years of representations by class counsel:

- For years, class counsel stated that ASOs were "class members." PSOF ¶¶ 23-26. Class counsel wrote to subpoenaed ASOs to assure them that, "[a]s counsel for a putative class of Subscribers, like you, we have vigorously opposed the Blues' efforts to take discovery from you." PSOF ¶ 24.

- From the inception of settlement discussions in 2015, class counsel represented ASO subscribers as class members in negotiations with Defendants. PSOF ¶¶ 33-44.

These undisputed statements reflect the contemporaneous effect on the listener, *e.g.*, Defendants' notice and understanding. FRE 801. It is undisputed that Defendants understood [redacted] and [redacted] PSOF ¶ 28; *see* FRE 801(d)(1) & (2). Defendants' claim that this was all a big misunderstanding that was refuted by class counsel is contrary to the factual record. Defendants were asked in an interrogatory to:

> Identify every instance between February 7, 2012 and July 2019 in which MDL subscriber class counsel told any Defendant, orally or in writing, that Self-Funded Plans were not included in any putative class in the MDL….

ECF #777-1 (Ex. 92) at 5. Defendants failed to identify any such instance.[2]

Does inadmissible, after-the-fact hearsay from Mr. Boies, not presented via affidavit, erase nine years of Defendants' admissions in the form of sworn testimony, signed pleadings, courtroom statements, summary judgment fillings, insurer communications, marketing materials, and counsel correspondence? No. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). Moreover, Defendants are now barred from offering any contrary evidence because they refused to sit for deposition or produce documents regarding their notice during discovery. *Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1309 (N.D. Ga. 2003).

## II. Extrinsic Evidence Explains Why *Cerven* Put Defendants on Notice.

Defendants misunderstand extrinsic evidence. Defendants argue their admissions, statements of class counsel, and the settlement of ASO claims do not "define the *Cerven* class[es]." D. Resp. at 23-27. The *Cerven* complaint defines the class, but extrinsic evidence proves Defendants' understanding of, and the meaning of the terms used in, the *Cerven* class definition. Here, the record shows that:

- *Cerven* alleged that Defendants "provide health insurance" to "approximately

---

[2] Defendants argue instead that ASOs were not included in the *product market* definition advanced by the subscriber class for purposes of damages. That is a non-sequitur. *Weisfeld v. Sun Chem. Corp.*, 210 F.R.D. 136, 138 (D.N.J. 2002), *aff'd,* 84 F. App'x 257 (3d Cir. 2004) ("those cited paragraphs do not offer a class definition, but rather delineate the relevant market Plaintiff proposes to use for his antitrust theory of liability"). As Defendants know, market definition is not a required element of a *per se* offense and, in any event, is a separate and distinct concept from class definition. *Behrend v. Comcast Corp.*, 655 F.3d 182, 211 (3d Cir. 2011) (concurrence) ("confusion has been caused in this case by the conflation of two distinct concepts").

100 million – or one in three – Americans." PSOF ¶ 6. Between [redacted] of those people are covered by ASO policies. PSOF ¶ 10. Defendants' witnesses testified "insureds" include ASOs. PSOF ¶ 9.

- Defendants define and understand the terms "insured" and "health insurance" to include both fully insured and "ASO products." PSOF ¶ 11. Defendants' marketing materials refer to ASOs as "insureds" covered by "insurance." PSOF ¶ 12. Throughout the MDL, Defendants [redacted] PSOF ¶ 14.

Defendants do not deny this evidence. Instead, they point to decisions from other courts made with no or sparse factual records. When reviewed as a whole, as the law requires,[3] the Rule 56 extrinsic evidence demonstrates why the *Cerven* injunctive relief class definition was (and should be) read to include ASOs.[4]

At the very least, the extrinsic evidence shows that ASO inclusion in the "initial" *Cerven* injunctive relief class is "arguabl[e]"–and the law requires that "ambiguities are resolved in favor of applying *American Pipe* tolling." *DeGeer v. Union Pac. R.R. Co.*, 113 F.4th 1035, 1039 (8th Cir. 2024). Defendants claim that this ambiguity principle applies only to whether class participation has terminated, but they misunderstand the logic of *American Pipe*. Any policy requiring a potential class member that is "arguably include[d]," *id.* (quoting *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1099 (9th Cir. 2024) (cleaned up)), in a class definition

---

[3] In determining whether there is a genuine issue of fact for trial, the court must consider "the record taken as a whole." *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *S. Coal Corp. v. Drummond Coal Sales, Inc.*, 28 F.4th 1334, 1341-42 (11th Cir. 2022) ("custom and industry usage" are used to define the meaning of "potentially ambiguous" terms).

(especially when defendants proclaim such inclusion) to file suit would "breed [the] needless duplication" of lawsuits that *American Pipe* is meant to prevent. *American Pipe & Constr. Co. v. Utah*, 414 U.S 538, 554 (1974); *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-351 (1983) (people fearing they might not be in the class "would have every incentive to file a separate action"); *Zaragoza v. Union Pac. R.R. Co.*, 112 F.4th 313, 318 (5th Cir. 2024). Defendants' cases do not dispute that and confirm this Court's ruling that the key issue is when Defendants were on notice of Plaintiffs' claims. ECF #268 at 10. Unlike Defendants' cases, the facts here parallel *DeFries, Zaragoza*, and *DeGeer*, as substantial evidence, including Defendants' own acknowledgments, show that *Cerven* "arguably include[es]" ASOs.[5] The policy of resolving ambiguities in favor of tolling to avoid "a needless multiplicity of actions" applies equally to initial inclusion in, as it does to termination from, a class.[6]

Moreover, Defendants are judicially estopped to deny that ASOs were included in the *Cerven* injunctive relief class. They made repeated assertions about the breadth of the class including ASOs and benefitted from those assertions. They

[5] In both cases cited by Defendants, there was no evidentiary "basis to find that the defendants had fair notice that the plaintiffs' arrests were encompassed within the [] class action." *Friedland v. City of New York*, 2025 WL 2733359, at *5 (S.D.N.Y. Sept. 25, 2025). Here, Defendants repeatedly acknowledged, and in fact bemoaned, that these Plaintiffs were included in the class definition.

[6] Class counsel's motion to certify a narrower class in 2019 was never decided by the court. Until a motion to narrow a class is granted by the court it has no effect on *American Pipe* tolling. *Zaragoza,* 112 F. 4th at 319-20.

successfully moved for discovery of ASOs *as class members*, negotiated and agreed to a global release of all ASO class members, and litigated insurance coverage on that basis. P. Op. Br. at 32-33. Defendants "should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) (cleaned up). Judicial estoppel thus provides an independent reason or cumulative basis for this Court to find *Cerven* placed Defendants on notice and ASOs were included in the class. *See*, *e.g.*, *Zaragoza,* 112 F.4th at 321 n.5 (defendant "may well be estopped from discarding its previous representations of [class] overbreadth"); *DeFries*, 104 F.4th at 1095 & 1108 n.6 (same principle).

## III. Inclusion in an Injunctive Relief Class Tolls Damages Claims.

Relying on *Chancellor v. Coca-Cola Enters.,* 2008 WL 3307131 (S.D. Ohio Aug. 7, 2008), Defendants assert for the first time that a plaintiff's inclusion in an injunctive relief class does not toll damages arising under the same cause of action. *Chancellor* has never been cited by any court applying *American Pipe*, and it involved non-antitrust "plaintiffs [who] failed to pursue their individual damages claims after class certification was denied on those claims." *Id.* at *4. The court unremarkably held that "a class action filed in state court in which only state law claims were asserted, [does not] toll a federal statute of limitations." *Id.* at *5. The court based its decision on how an *Ohio state court* would rule.

*Chancellor*, however, acknowledges that under federal law, cases such as *Swierkowski v. Consolidated Rail Corp.,* 168 F.Supp.2d 389 (E.D. Pa. 2001), hold that "the statute of limitations on plaintiff's *damages* claim was tolled until the class was decertified for *injunctive relief*." 2008 WL 3307131 at *4 (emphasis added). This principle recognized in Defendants' cornerstone case is dispositive. In *Swierkowski*, the defendant argued that inclusion in an injunctive relief class did not toll the statute of limitations for damages. The court disagreed. 168 F. Supp. 2d at 395. It held that Defendants' position, "which permits the limitations period to run on the class members' damages claim … while tolling claims for injunctive relief could potentially result in confusion and prejudice to class members." *Id*.

The court explained that had the earlier injunctive relief "class action been resolved in favor of the plaintiff class and [liability] found, individuals similarly situated to plaintiff in this case would have been able to rely on that finding in seeking damages." *Id.* The court reasoned that a rule that "require[d] individual plaintiffs to litigate their damages claims while a class action seeking injunctive relief … was pending would run completely counter to the efficiency rationale of the class action by having two suits covering essentially the same claim running at the same time." *Id*. (citing *Crown*, 462 U.S. at 350). The court thus held "that the statute of limitations was tolled for the damages claims during the pendency of the *Mandichak* [injunctive relief] class." *Id*.

Indeed, several courts have cited *Swierkowski* with approval. *See, e.g., Addington v. U.S. Airline Pilots Ass'n*, 2009 WL 675469, at *5 (D. Ariz. Mar. 10, 2009) (noting "reasoned support in *Swierkowski*" for members of an injunctive relief class "to seek damages at a later date"); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 335, 352 (E.D. Pa. 2004) (approving of *Swierkowski's* holding that "an individual plaintiff that seeks a different remedy from that sought in the class action should not be barred from asserting claims by the statute of limitations"). These cases apply the *American Pipe* rule that a class complaint tolls the statute of limitations if it notifies defendant of the "substantive claims" brought against them (414 U.S. at 555), regardless of the remedy sought. *See* P. Op. Br. at 17-18 (collecting cases).

Defendants' own caselaw shows that the substantive cause of action is the Sherman Act violation. *See* D. Resp. at 19-20 (citing *Todorov v. DCH Healthcare Auth.,* 921 F.2d 1438, 1444 (11th Cir. 1991), in which plaintiff sought both damages and injunctive relief under a *single* cause of action "that the defendants had violated section 1 of the Sherman Act").[7] While different remedies may have different standing requirements, the underlying cause of action, *i.e.*, the Sherman Act, is the same, as are the underlying facts that give rise to the claim. As Defendants concede,

---

[7] Defendants also cite *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003), for the unremarkable proposition that a products liability claim is not the same as a wrongful death claim. Here, Plaintiffs, like the injunctive relief class, have brought a Sherman Act claim that both Defendants and this Court agree are "virtually identical." PSOF ¶¶ 3-4.

"the conduct at issue is the same." D. Resp. at 4.[8]

## IV. No Court Has Decided *American Pipe* Tolling on this Factual Record.

Faced with this overwhelming factual record, Defendants deflect and assert that other courts have rejected *American Pipe* tolling for these Plaintiffs prior to November 2, 2020. None of their cases support that erroneous conclusion.

### A. Eleventh Circuit Approval of the Subscriber Class Settlement

The Eleventh Circuit affirmed approval of the subscriber class settlement. The opinion, however, does not mention *American Pipe*. Applying the abuse of discretion standard, the Court considered only whether the Fourth Amended Complaint ("FAC") related back to the *Cerven* complaint under FRCP 15(c). The Court acknowledged that there was "record evidence" showing that Defendants were on notice of ASO claims before the FAC was filed, but it rejected the use of that extrinsic evidence because under Rule 15(c) "what matters is whether any *pleading*" explicitly notified Defendants of the self-funded claims. *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406,* 85 F.4th 1070, 1097 (11th Cir. 2023). Even when the analysis was confined to the face of the complaint, the Eleventh Circuit did not find that ASOs were necessarily excluded from the *Cerven* injunctive relief class. Instead, the Court held that the district court did not abuse its discretion because "it

[8] The substantive claim against the Blues is Section 1 of the Sherman Act. Section 4 of the Clayton Act (15 U.S.C. §15) merely provides a damages remedy for a Sherman Act violation and Section 16 of the Clayton Act (15 U.S.C. §26) merely provides an injunctive relief remedy for a Sherman Act violation.

is not clear from the *Cerven* complaint's definition of the injunctive class that self-funded accounts are included because they are not necessarily 'insured by [a] health insurance plan.'" *Id.* at 1097-98.

The Court's exclusion of extrinsic evidence was limited to determining relation back of a class definition under Rule 15(c), not application of *American Pipe*. There is no question that extrinsic evidence is admissible under *American Pipe* to prove notice afforded by and/or the meaning of a class definition. *See* P. Op. Br. at 23-26.[9] Here, the extrinsic evidence makes clear what the face of the *Cerven* complaint may lack. The *Cerven* complaint alleges that Defendants provide "health insurance" to 100 million Americans and that the injunctive relief class includes all persons who are "insured by any health insurance plans." PSOF ¶¶ 5-6. Extrinsic evidence then proves that upwards of [redacted] of the approximately 100 million Americans alleged to have Blue "health insurance" were ASO members. PSOF ¶¶ 9-10. That ends the issue. The extrinsic evidence proves that the term "health insurance" as used in the *Cerven* complaint necessarily includes ASO lives. That

[9] In this regard, and as Plaintiffs' opening brief (at 28-30) and *Collins* cited therein explain, courts apply *American Pipe* and relation back under Rule 15 differently. *Compare CalPERS v. ANZ Sec., Inc.*, 582 U.S. 497, 509 (2017) ("the source of the tolling rule applied in *American Pipe* is the judicial power to promote equity, rather than to interpret and enforce statutory provisions") *with* Fed. R. Civ. P. 15(c)(1)(A) (relation back permitted when "the law that provides the applicable statute of limitations allows relation back"). Whereas cases applying *American Pipe* toll injunctive relief class members' time to seek damages, cases applying Rule 15 do so differently, *see, e.g., Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429, 432 (W.D. Pa. 2005), like the 11th Circuit in approving the class settlement. This is because unlike Rule 15, under *American Pipe*, "generic notice satisfie[s] the purposes of the statute of limitations." *CalPERS*, 582 U.S. at 511.

conclusion is buttressed by the undisputed extrinsic evidence that the Blues routinely use and understand the terms “insured” and “health insurance” to include ASOs and that Defendants, themselves, understood “all along” that ASOs were included in the injunctive relief class. PSOF ¶¶ 7, 11-22, 27-31.

**B. Judge Proctor’s Orders**

In 2022, Defendants argued, as they do now, that ASOs were not part of the class definition until the FAC was filed on November 2, 2020. ECF #268 at 1-2, 9. Judge Proctor noted that attorney Warren Burns was retained “as counsel for a subclass of self-funded accounts” by July 2019 (*id.* at 4) and that, more than a year before the FAC was filed, Mr. Burns, class counsel and the Defendants agreed to a settlement term sheet that released ASO claims. *Id.* at 2, 5, 12. Based on those facts, Judge Proctor explained “[i]t would defy logic” to conclude that ASOs were not in a subscriber class, or that Defendants lacked notice of the ASO claims, until the FAC. *Id.* at 12. Judge Proctor therefore denied Defendants’ motion to dismiss and held that there was “a genuine issue of material fact as to the time period for which, and for whom the statute of limitations was tolled…under *American Pipe.*” *Id.* at 13.[10]

[10] Defendants quote Judge Proctor’s Order for the proposition that ASOs were not included in *Cerven*. D. Resp. at 1, 17. Defendants omit that the quoted passage is actually from Judge Proctor’s approval of the class settlement, which Judge Proctor quoted in the Background section of his Order. ECF #268 at 6-7. As is made clear in that passage, the settlement approval order interpreted the meaning of the *Cerven* injunctive relief class definition pursuant to FRCP 15(c)—not *American Pipe*. The settlement approval order makes no mention of any extrinsic evidence, nor of the fact that half of the “insureds” included in the injunctive relief class definition were ASO lives. *Id.* at 6-7. The Court simply had no occasion to apply *American Pipe* in approving the class settlement.

Judge Proctor also rejected Defendants' argument that *American Pipe* tolling depends only on the face of the complaint. *Id*. at 9-11. He followed the ruling in *CalPERS*, 582 U.S. 497 (2017), which held that *American Pipe* applies the "functional operation of a statute of limitation" when defendant is notified of "the substantive claims" and the "generic identities of potential plaintiffs." Applying that Supreme Court law, Judge Proctor (in ECF #268 at 10) wrote:

> [I]t is not necessarily the complaint in a class action that determines for whom the statute of limitations is tolled. To the contrary, so long as a defendant is notified of the substantive claims being brought against them and the number and generic identities of potential plaintiff who may participate in the judgment, tolling is appropriate.

In 2024, Defendants again asked Judge Proctor to hold that *American Pipe* tolling did not begin until the FAC was filed. ECF #435 at 4-5. Judge Proctor again declined, explaining Defendants could not have negotiated a settlement of the ASO claims "without being on notice of the claims alleged by the ASOs as well as the number of 'generic identities' of the ASOs." *Id*. at 2. Plaintiffs asked the Court to clarify its order to state – in keeping with the Court's comments at oral argument (Tr. 3/13/24 at 57-59) – that the commencement of *American Pipe* tolling remained an open issue of fact, which must await a full Rule 56 factual record. ECF #432 at 3-6, 8-9. The Court granted the Motion for Clarification (ECF #435, at 1 n.1) and stated that "there remains a question of fact" regarding start date of the limitations period and that the matter awaits "a Rule 56 record." *Id*. at 14. That record is now

complete and it shows Defendants were on notice of the ASO claims "all along" and always knew that the 100 million Americans alleged in the *Cerven* complaint to be covered by "health insurance" necessarily included ASOs, placing ASOs squarely within the *Cerven* injunctive relief class. This also explains how class counsel and sub-class counsel could negotiate on behalf of the ASOs, and how Defendants could obtain a release of the ASO claims before the FAC was filed.

### C. *Ford* and *VHS*

Defendants' reliance on *Ford Motor Co. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.* (D. Resp. at 18) is equally misplaced, as it is a motion to dismiss decision contrary to Judge Proctor's prior ruling. 2024 WL 1396264 at *1 (E.D. Mich. March 30, 2024). Furthermore, as Defendants acknowledge, it addressed only the *Cerven* damages class definition and did not decide or even mention whether ASOs were included in the *Cerven* injunctive relief class definition. *Id*. at *9.

*VHS* is another motion to dismiss decision not based on a factual record. Defendants cite *VHS* for the proposition that *Cerven* did not put the Blues "on notice of subscriber claims" but Defendants deleted from the quote that it referred to notice of "claims under the California Cartwright Act." (Slip Op. 18.) Defendants also omit that *VHS* rejected the Blues' contention that tolling did not start until the FAC was filed and held instead that tolling began upon Defendants' notice of ASO claims. *Id.*

## V. Defendants' Other Arguments Lack Merit.

Defendants now claim that they considered Dollar General a class member because it supplemented its ASO plan with the purchase of a fully insured product for a year in a single locale. D. Resp. at 9. That was not what Defendants said at the time. PSOF ¶ 26. Moreover, and perhaps dispositively, Defendants' new position—that purchasing a full-insurance product is all that is required to have been part of the injunctive relief class—means that most all Plaintiffs here qualify because they too supplemented their ASO plans with the purchase of fully insured products, especially in Hawaii and Puerto Rico where only such plans are available from Defendants. ECF #777-2. By conceding such purchases made them members of the injunctive relief class, Defendants admit they qualify for *American Pipe* tolling.

Relying on *Spagnoli* and *Raziano*, Defendants claim that the negotiation, agreement and release of the ASO claims long before the FAC was filed is legally irrelevant. D. Resp. at 27-28. Neither of those cases, however, involved a class action or *American Pipe* tolling. *Spagnoli* and *Raziano* concerned Florida and admiralty law, respectively. Both cases hold that a plaintiff's demand followed by a defendant's request for more information is insufficient to equitably estop the defendant from asserting the statute of limitations. Neither case even remotely speaks to the evidentiary value of the negotiation, settlement and release of the ASO claims here to demonstrate the scope of a class definition. And even Defendants admit that, at the very least, "the relevant tolling date 'would be four years prior to

whatever date it was that the ASOs presented their claims to the Blues through settlement…." ECF #777-1 (Ex. 92) at 6.

Finally, Defendants claim Plaintiffs have abandoned the argument that the negotiation, settlement and release of the ASO claims before the FAC was filed demonstrate that the ASO claims were tolled. As Judge Proctor held, "it would defy logic" to pretend that Defendants lacked notice of the ASO claims until the FAC was filed when they previously negotiated and agreed to settle those claims. Furthermore, abandonment occurs when a party fails to raise an issue or mentions it in "nothing more than a passing reference." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). An issue is not abandoned if the party devotes "a discrete section of his argument" to it. *Id.* Here, Plaintiffs devoted a discrete twelve paragraph section of their opening brief to the negotiation and settlement of the ASO claims. P. Op. Br. at12-15. That evidentiary material demonstrates that class counsel acted to represent the ASOs and negotiate for them from the beginning (*id.* at pp. 12-13, 31, 32), and class counsel brought in sub-class counsel to finalize ASO injunctive relief and agree to the release of the ASO claims in 2019. *Id.* at 13. None of that would have been possible if the ASOs were not already in the *Cerven* injunctive relief class—and that indisputable conclusion has certainly not been abandoned.

* * *

Plaintiffs respectfully request that the Court grant summary judgment in their favor on Defendants' statute of limitations affirmative defense.

Dated: August 18, 2026

By: */s/ Benjamin T. Presley*
Jay M. Ezelle
H. Thomas Wells, III
Benjamin T. Presley
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
Tel: (205) 868-6000
Email: jezelle@starneslaw.com
twells@starneslaw.com
bpresley@starneslaw.com

*Counsel for all Plaintiffs in the Alaska Air and JetBlue cases*

By: */s/ Phillip F. Cramer*
Phillip F. Cramer
Katherine T. Drummonds
W. Campbell Haynes
SPERLING KENNY NACHWALTER, LLC
1221 Broadway, Suite 2140
Nashville, TN 37212
(312) 641-3200
Fax: (312) 641-6492
Email: pcramer@sperlingkenny.com

By: */s/ Paul E. Slater*
Paul E. Slater
Joseph M. Vanek
David P. Germaine
Eamon P. Kelly
SPERLING KENNY NACHWALTER, LLC
321 N. Clark St., 25th Floor
Chicago, Illinois 60654
Tel: (312) 641-3200
Email: pes@sperlingkenny.com

jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
ekelly@sperlingkenny.com

By: */s/ William J. Blechman*

William J. Blechman
Joshua B. Gray
Elizabeth B. Honkonen
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: wjb@sperlingkenny.com
jgray@sperlingkenny.com
ebh@sperlingkenny.com

*Counsel for All Plaintiffs in the Alaska Air and JetBlue Actions (except for BNSF Plaintiffs)*

By: */s/ J. Scott Hickman*

J. Scott Hickman
Eric G. Osborne
Micah N. Bradley
L. Webb Campbell
Christopher C. Sabis
Rascoe Dean
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Tel: (615) 742-4200
Fax: (615) 742-4539
Email: shickman@srvhlaw.com
eosborne@srvhlaw.com
mbradley@srvhlaw.com
wcampbell@srvhlaw.com

csabis@srvhlaw.com
rdean@srvhlaw.com

*Counsel for The Kraft Heinz Company, Kraft Heinz Group Benefits Plan, Kraft Heinz Retiree Group Benefits Plan, and North Central States Regional Council of Carpenters' Health Fund*

*Counsel for The Boeing Company; Employee Benefits Plan Committee of The Boeing Company, as the plan administrator and named fiduciary of The Boeing Company Master Welfare Benefit Plan; Bridgestone Americas, Inc.; Bridgestone Americas, Inc. Employee Group Insurance Plan; Bridgestone Americas, Inc. Retiree Medical Plan; Dollar General Corporation; Dollar General Health Plan (a component of the Dollar General Corporation Employee Benefits Plan); The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; Tractor Supply Company; Tractor Supply Medical Plan*

By: */s/ Jason A. Zweig*

Jason A. Zweig
BARTKO PAVIA LLP
1 South Wacker Drive
36th Floor
Chicago, IL 60606

Tel: (415) 956-1900
Fax: (415) 956-1152
Email: jzweig@bartkopavia.com

*Counsel for JetBlue Airways Corporation and JetBlue Airways Group Health Insurance Plan, McLane Foodservice Distribution, Inc., and Employee Benefits Plan of MBM Corporation*

*Counsel for Alaska Airlines, Inc.; Alaska Airlines, Inc. Welfare Benefit Plan; Alaska Air Group, Inc.; Alaska Air Group, Inc. Welfare Benefit Plan; Horizon Air Industries, Inc.; Horizon Air Industries, Inc. Welfare Benefit Plan; Employee Benefit Plan for Employees of Horizon Air Industries, Inc.; Employee Benefit Plan for Full-Time and Part-Time Employees Horizon Air Industries, Inc.; American Electric Power Service Corporation; American Electric Power System Comprehensive Medical Plan; Big Lots, Inc.; Big Lots Associate Benefit Plan; Burlington Northern Santa Fe LLC (f/k/a Burlington Northern Santa Fe Corp.); Burlington Northern Santa Fe Corporation Group Benefits Plan; Burlington Northern Santa Fe Corporation Welfare Benefit Trust; FedEx Corporation; The Federal Express Corporation; FedEx Freight, Inc.; The Federal Express Corporation Group Health Plan; The FedEx Corporation Group Health Plan; FedEx Corporation Retiree Group Health Plan; The Federal Express Corporation Retiree Group Health Plan; The Federal Express Corporation Group Health Plan for Pilots; The Federal Express Corporation Retiree Group Health Plan for Pilots; FedEx Group Health Plan; McLane*

*Company, Inc.; McLane Company, Inc. Welfare Plan; Employee Benefits Plan of MBM Corporation; and the MBM Corporation*

By: */s/ Jon Corey*
Jon Corey
MCKOOL SMITH, PC
1999 K Street, NW
Suite 600
Washington, D.C. 20006
(202) 370-8300
jcorey@mckoolsmith.com

John Briody
James Smith
David Schiefelbein
Daniel Hendler
MCKOOL SMITH, PC
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com
dschiefelbein@mckoolsmith.com
dhendler@mckoolsmith.com

Lew LeClair
Gary Cruciani
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com
gcruciani@mckoolsmith.com

By: */s/ Brenton K. Morris*
Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP

2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
bmorris@bcattys.com

*Counsel for Bed, Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc.; Automobile Club of Southern California; Darling Ingredients Inc.; Griffin Industries, LLC; Dillard's, Inc.; Halliburton Energy Services, Inc.; G4S Secure Solutions (USA), Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc.; Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; RTX Corporation; Raytheon Company; Rockwell Collins, Inc.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; Sterling Jewelers Inc.; Zale Corporation; Zale Delaware, Inc.; Starbucks Corporation; Tyson Foods, Inc.; SRZ Liquidating Trust; Transform Midco LLC; and General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Counsel of record.

By: */s/ Jon Corey*
Jon Corey